

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

FILED
Sep 05, 2025
06:52 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Pamela Stansbury | Docket No. 2025-80-2001 |
| v. | State File No. 69937-2020 |
| Federal Express Corp., et al. | |
| and | |
| Troy Haley, Administrator of the Bureau of Workers' Compensation Subsequent Injury and Vocational Recovery Fund | |
| Appeal from the Court of Workers' Compensation Claims Dale A. Tipps, Judge | |

---

**Affirmed and Certified as Final**

---

This appeal questions whether the trial court properly granted the employer's motion to dismiss the employee's second petition for benefit determination on the basis that the petition was not timely re-filed. Following the filing of her initial petition, the employee asked for a voluntary dismissal of her case, and the trial court entered an order dismissing it without prejudice. Thereafter, the employee did not re-file a new petition for over three years. She asserts she was ill or incapacitated during the time she was required to re-file her case and that equitable tolling of the statute of limitations is appropriate. The employer argues that she waived this argument by failing to raise it in the trial court and that she presented no evidence of incapacity. Having carefully reviewed the record, we affirm the trial court's dismissal of the case with prejudice and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Pamela Stansbury, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Federal Express Corp.

Timothy Kellum, Memphis, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

## Memorandum Opinion[1]

Pamela Stansbury ("Employee") worked for Federal Express Corp. ("Employer"), as a ramp agent. On October 21, 2020, Employee was struck in the head by something called a "boarder," which she described as a "steel ball hanging from ceiling not in its encasement." Employer accepted the compensability of the accident and provided benefits, including authorized medical treatment with Dr. Alan Nadel. According to a Final Medical Report (Form C-30A) that Dr. Nadel completed and signed on April 1, 2021, he placed Employee at maximum medical improvement as of that date and returned her to work with no restrictions and no permanent impairment. He also indicated he saw no need for any future medical treatment arising from the work accident, which prompted Employer to discontinue all benefits.

On April 26, 2021, Employee filed a Petition for Benefit Determination ("PBD"), apparently to seek assistance in obtaining medical records from Dr. Nadel, whom she asserted had refused to provide them. On August 20, 2021, Employee filed a request for an expedited hearing. The next document in the technical record is a PBD that does not appear to have been filed but was signed by Employee on August 20, 2021. That PBD requested that Employee's benefits be reinstated, that Dr. Nadel be required to give her a copy of her medical records, and that Dr. Nadel be compelled to assign an impairment rating.

After an expedited hearing, the trial court issued an order on December 20, 2021, denying the requested benefits. That order was not appealed. Thereafter, Employer served Employee with written discovery requests, to which she did not respond. Employer then filed a motion to compel Employee's discovery responses, and Employee did not respond to the motion. On February 17, 2022, the trial court granted Employer's motion to compel. Thereafter, Employee did not respond to the discovery requests as directed by the court and, on March 3, she filed a motion for a continuance of a scheduling conference. The trial court denied the motion on March 8. Then, on March 10, Employee submitted a letter to the Clerk of the Court of Workers' Compensation Claims, stating, "Due to serious medical problems, I am ending the case today 3/10/22. . . . I am unable to handle the stress. I am following doctors [sic] orders." The trial court treated that correspondence as a notice of voluntary dismissal of the case pursuant to Tennessee Rule of Civil Procedure 41.01, and it entered an order dismissing the case without prejudice on March 16, 2022.

On March 28, 2025, over three years after the first PBD was dismissed, Employee filed a second PBD alleging the same injuries as described in her initial PBD. Employer

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

filed a motion to dismiss the second PBD, asserting it was not timely filed. Employee did not respond to the motion but appeared at the hearing and requested additional time to consult an ombudsman. Reasoning that the resolution of Employer's motion would not be impacted by additional information, the court denied Employee's request for a continuance and, in an order dated May 16, 2025, granted Employer's motion to dismiss her new PBD with prejudice. Employee has appealed.

In her notice of appeal, Employee asserts she had extenuating circumstances that "were not considered." She further wrote that she had been "hospitalized during that period of time" and that she had notified the Bureau of Workers' Compensation. She asked that "the records from Methodist Hospital, current neurologist" be reconsidered. In addition, Employee filed a brief in which she contends she was ill and unable to meet deadlines, and she asserts that she was threatened and misled by Bureau personnel into dismissing her case.[2] Finally, she argues on appeal that her second PBD should be considered timely filed based on an equitable tolling of the statute of limitations due to her alleged incapacity.

For its part, Employer asserts the trial court's order should be affirmed, arguing that Employee waived her equitable tolling argument by failing to raise it in the trial court. Employer also asserts that Employee has provided no admissible proof to support her claims of incapacity during the relevant period of time.

Tennessee Code Annotated section 50-6-239(c)(3) addresses the time within which a claim that has been voluntarily dismissed must be refiled. That section states:

> If a party who has filed a request for hearing files a notice of nonsuit of the action, either party shall have ninety (90) days from the date of the order of dismissal to institute an action for recovery of benefits . . . .

Moreover, Tenn. Comp. R. and Regs. 0800-02-21-.24(1) states, in pertinent part, that if a request for a voluntary dismissal is granted, "either party may file a new claim within ninety (90) days of the order granting the voluntary dismissal."

There is no question that Employee's second PBD was filed more than ninety days after the voluntary dismissal. Employee argues, pursuant to Tennessee Code Annotated section 28-1-106, that the severity of her medical conditions and her alleged incapacity justify the application of equitable tolling of the statute of limitations. However, as Employer argues in its brief, Employee did not make this argument before the trial court. Thus, we conclude this argument is waived. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *15 (Tenn. Workers' Comp. App. Bd.

---

[2] In particular, Employee alleges that a "staffer of [the Bureau] told [Employee]: 'You have two choices – end your case or be sanctioned.'" Yet, Employee presented no evidence to the trial court supporting her claim that any Bureau personnel coerced her into dismissing her case. We conclude this allegation is unsupported and her argument is without merit.

July 31, 2015) (stating "in most instances, an issue raised for the first time on appeal will be deemed waived"). Even if it were not waived, however, Employee has submitted no admissible evidence to substantiate her claims that she was incapacitated for the relevant time period during which she could have timely re-filed her PBD. *See Wilson v. Battle Creek Milling & Supply, Inc.*, No. M2007-02830-COA-R3-CV, 2008 Tenn. App. LEXIS 746, at *13 (Tenn. Ct. App. Dec. 19, 2008) (holding that "mere conclusory allegations" are not evidence).

In sum, Employee's first PBD was dismissed without prejudice on March 10, 2022. In the circumstances of this case, Employee had ninety days to refile her claim, or until June 9, 2022.[3] *See* Tenn. Code Ann. § 50-6-239(c)(3); Tenn. Comp. R. & Regs. 0800-02-21-.24(1). She did not refile her claim until March 28, 2025, three years and twelve days after the first PBD was dismissed and over two and a half years after the deadline for refiling. We conclude the trial court correctly dismissed her claim as untimely.

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are taxed to Employee.

---

[3] To date, we have not addressed the interplay, if any, between Tennessee Code Annotated section 50-6-239(c)(3) and Tennessee Code Annotated section 28-1-105 (commonly called the "savings statute"). Thus, we offer no opinion regarding the applicability of section 28-1-105 in the context of workers' compensation cases. Here, Employee's second PBD was filed well after any potential deadline to re-file her claim under either statutory provision.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Pamela Stansbury

v.

Federal Express Corp., et al.,

and

Troy Haley, Administrator of the Bureau
of Workers' Compensation Subsequent
Injury and Vocational Recovery Fund

Appeal from the Court of Workers'
Compensation Claims
Dale A. Tipps, Judge

Docket No. 2025-80-2001

State File No. 69937-2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Pamela Stansbury | X | X | | | 2355 Sparks St., Memphis, TN, 38106 |
| Stephen P. Miller | | | | X | smiller@mckuhn.com mdoherty@mckuhn.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov